UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| World Acceptance Corporation of Alabama, World Finance Corporation of Georgia, World Finance Corporation of Illinois, World Finance Company of Indiana, LLC, World Finance Company of Kentucky, LLC, World Finance Company of Mississippi, LLC, World Finance Corporation of Louisiana, World Acceptance Corporation of Missouri, World Finance Corporation of New Mexico, World Finance Company of South Carolina, LLC, World Finance Corporation of Tennessee, World Acceptance Corporation of Oklahoma, Inc., World Finance Corporation of Wisconsin, WFC Limited Partnership, and World Finance Company of Idaho, LLC, | C. A. NO. _____  <br><br> **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| JH Portfolio Debt Equities, LLC, | |
| Defendant. | |

**COMPLAINT FOR EQUITABLE RELIEF,
BREACH OF CONTRACT, AND DAMAGES**

Plaintiffs World Acceptance Corporation of Alabama, World Finance Corporation of

Georgia, World Finance Corporation of Illinois, World Finance Company of Indiana, LLC,

World Finance Company of Kentucky, LLC, World Finance Company of Mississippi, LLC,

World Finance Corporation of Louisiana, World Acceptance Corporation of Missouri, World

Finance Corporation of New Mexico, World Finance Company of South Carolina, LLC, World

Finance Corporation of Tennessee, World Acceptance Corporation of Oklahoma, Inc., World

Finance Corporation of Wisconsin, WFC Limited Partnership, and World Finance Company of

Idaho, LLC (collectively referred to herein as "World Acceptance"), complaining of Defendant JH Portfolio Debt Equities, LLC ("JH Portfolio") would respectfully allege and show unto the Court as follows:

## PARTIES AND JURISDICTION

1. World Acceptance Corporation of Alabama is an Alabama Corporation with its principal place of business in Greenville, South Carolina.

2. World Finance Corporation of Georgia is a Georgia Corporation with its principal place of business in Greenville, South Carolina.

3. World Finance Corporation of Illinois is an Illinois Corporation with its principal place of business in Greenville, South Carolina.

4. World Finance Company of Indiana, LLC is an Indiana Limited Liability Company with its principal place of business in Greenville, South Carolina.

5. World Finance Company of Kentucky, LLC is a Kentucky Limited Liability Company with its principal place of business in Greenville, South Carolina.

6. World Finance Company of Mississippi, LLC is a Mississippi Limited Liability Company with its principal place of business in Greenville, South Carolina.

7. World Finance Corporation of Louisiana is a Louisiana Corporation with its principal place of business in Greenville, South Carolina.

8. World Acceptance Corporation of Missouri is a Missouri Corporation with its principal place of business in Greenville, South Carolina.

9. World Finance Corporation of New Mexico is a New Mexico Corporation with its principal place of business in Greenville, South Carolina.

10. World Finance Company of South Carolina, LLC is a South Carolina Limited Liability Company with its principal place of business in Greenville, South Carolina.

11. World Finance Corporation of Tennessee is a Tennessee Corporation with its principal place of business in Greenville, South Carolina.

12. World Acceptance Corporation of Alabama is an Alabama Corporation with its principal place of business Greenville, South Carolina.

13. World Acceptance Corporation of Oklahoma, Inc. is an Oklahoma Corporation with its principal place of business Greenville, South Carolina.

14. World Finance Corporation of Wisconsin is a Wisconsin Corporation with its principal place of business in Greenville, South Carolina.

15. WFC Limited Partnership is a Texas Limited Partnership with its principal place of business in Greenville, South Carolina.

16. World Finance Company of Idaho, LLC is an Idaho Limited Liability Company with its principal place of business in Greenville, South Carolina.

17. JH Portfolio Debt Equities, LLC is a California Limited Liability Company with its principal place of business in Hazelwood, Missouri.

18. World Acceptance and JH Portfolio entered into an Accounts Sales Agreement ("Agreement") on or about March 30, 2015.

19. The Agreement contains a clear, valid, and binding section (Section 12.13 of the Agreement) concerning governing law and choice of forum, which provides as follows:

> **Section 12.13 Governing Law/Choice of Forum.** This Agreement shall be construed, and the rights and obligations of Seller and/or Buyer and/or Escrow Agent hereunder determined, in accordance with the law of the State of South Carolina, without giving effect to any choice of law principles. Each Party unconditionally and irrevocably consents to submit to the exclusive jurisdiction of the courts of the State of South Carolina and of the United States District Court

for the District of South Carolina located in Greenville, SC for any actions, suits or proceedings arising out of or related to this Agreement (and each Party agrees not to commence any action, suit or proceeding relating thereto except in such courts) and the Parties further agree that service of any process, summons, notice or document by either certified mail or overnight courier to a Party's address as set forth herein shall be effective service of process for any action, suit or proceeding brought against a Party in such court.  In the event of litigation under this Agreement, the prevailing party shall be entitled to an award of attorneys' fees and costs.  Each Party to this Agreement unconditionally and irrevocably waives, to the maximum extent allowed by law, any right to a jury trial for any claim or action arising out of this Agreement.  Any such claim or action shall be heard before a judge and not a jury.

20.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as there is complete diversity among the parties and the amount in controversy exceeds the sum or value of $75,000.

21.     This Court has personal jurisdiction over JH Portfolio pursuant to the above-referenced provision in the Agreement between World Acceptance and JH Portfolio.

22.     In addition, the Court has personal jurisdiction over JH Portfolio on the grounds that, on information and belief, it conducts business in this District on a continuous and systematic basis, that the causes of action asserted against it arise in part from its transaction of business in this District, and that the causes of action against JH Portfolio arise from its entering into contracts to be performed in part in this District.

23.     Venue is proper in this Court as to JH Portfolio pursuant to the above-referenced provision in the Agreement between World Acceptance and JH Portfolio.

## **FACTS**

24.     World Acceptance is in the business of, among other things, offering and making short-term small loans to individuals with limited access to other sources of consumer credit.

25. On or about March 30, 2015, World Acceptance agreed to sell and JH Portfolio agreed to purchase certain individual consumer finance accounts ("Accounts") pursuant to a Delivery Schedule as originally set forth in the Agreement.

26. The original Delivery Schedule under the Agreement contemplated that the monthly deliveries of Accounts for purchase by JH Portfolio would fall within a certain range, in terms of the face value of the Accounts included in that monthly delivery. Under the Agreement, it was anticipated that the face value of the monthly deliveries of Accounts would fall between $11 million to $14 million.

27. Accordingly, the Agreement included a defined term, "Target Delivery Size," that was defined as "$11 million to $14 million per month, not to exceed $170 million per consecutive 12 month period."

28. Under Section 2.2(c) of the Agreement, JH Portfolio had the right to refuse to purchase a Delivery of Accounts in a given month under the Delivery Schedule if the proposed Delivery was less than the low end of the Target Delivery Size as defined in the Agreement.

29. Between July 2015 and August 2015, JH Portfolio and World Acceptance each made certain complaints against the other concerning the Agreement.

30. On or about September 14, 2015, World Acceptance and JH Portfolio entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") to resolve the complaints each made against the other arising out of the Agreement.

31. On or about September 14, 2015, as part of the Settlement Agreement, World Acceptance and JH Portfolio negotiated and entered a First Amendment to Accounts Sales Agreement ("First Amendment"), which modified some of the terms of the Agreement and left other terms of the Agreement in full force and effect.

32. Part of the Settlement Agreement and First Amendment reached between JH Portfolio and World Acceptance included World Acceptance's agreement to repurchase a substantial number of Accounts from JH Portfolio that had been sold to JH Portfolio pursuant to the Agreement.

33. Part of the Settlement Agreement and First Amendment reached between JH Portfolio and World Acceptance included an agreement by World Acceptance to reduce the price charged for each monthly delivery of Accounts to be delivered under the First Amendment. In exchange for the reduced price, JH Portfolio agreed that, if it failed to purchase a particular monthly delivery as required, it would be responsible to pay a liquidated damages amount identified on the Delivery Schedule under the First Amendment.

34. As part of the negotiations leading up to the Settlement Agreement and First Amendment, World Acceptance and JH Portfolio exchanged communications and spreadsheets concerning the monthly face value of Accounts that would be subject to purchase by JH Portfolio under the new Delivery Schedule included in the First Amendment, the price to be paid by JH Portfolio for each such delivery, and the liquidated damages to be paid by JH Portfolio in the event it failed to purchase that particular monthly delivery.

35. Given that World Acceptance repurchased a substantial number of Accounts from JH Portfolio under the First Amendment, the Delivery Schedule under the First Amendment contemplated that JH Portfolio would be offered monthly deliveries of Accounts with a face value far less than the originally expected Target Delivery Size, and the negotiations leading up to the First Amendment, including the spreadsheets exchanged between the parties, made this clear.

36.     By way of example, one of the spreadsheets exchanged between the parties that confirms the Delivery Schedule and liquidated damages (non-performance fee) to be paid by JH Portfolio in the event it failed to purchase a Delivery under the First Amendment is as follows:

| Bulk/Flow | Prior Price Face Value | Purchase Price | 12 Month Front-Loaded Rate | Funding Month | Adjustment | Penalty Analysis Pre-Mitigation | Less Mitigation | Penalty |
|---|---|---|---|---|---|---|---|---|
| A3 | $ - | $ - | 0.00% | July | $ - | $ - | $ - | $ - |
| 1 | $ 8,317,930 | $ 166,359 | 2.00% | August | $ (733,641) | $ 5,905,730 | $ 2,952,865 | $ 2,952,865 |
| 2 | $ 8,317,930 | $ 166,359 | 2.00% | September | $ (1,467,283) | $ 5,739,372 | $ 2,869,686 | $ 2,869,686 |
| 3 | $ 8,317,930 | $ 249,538 | 3.00% | October | $ (2,117,745) | $ 5,489,834 | $ 2,744,917 | $ 2,744,917 |
| 4 | $ 8,317,930 | $ 332,717 | 4.00% | November | $ (2,685,028) | $ 5,157,116 | $ 2,578,558 | $ 2,578,558 |
| 5 | $ 8,317,930 | $ 332,717 | 4.00% | December | $ (3,252,311) | $ 4,824,399 | $ 2,412,200 | $ 2,412,200 |
| 6 | $ 8,317,930 | $ 665,434 | 8.00% | January | $ (3,486,876) | $ 4,158,965 | $ 2,079,482 | $ 2,079,482 |
| 7 | $ 8,317,930 | $ 665,434 | 8.00% | February | $ (3,721,442) | $ 3,493,530 | $ 1,746,765 | $ 1,746,765 |
| 8 | $ 8,317,930 | $ 665,434 | 8.00% | March | $ (3,956,007) | $ 2,828,096 | $ 1,414,048 | $ 1,414,048 |
| 9 | $ 8,317,930 | $ 707,024 | 8.50% | April | $ (4,148,983) | $ 2,121,072 | $ 1,060,536 | $ 1,060,536 |
| 10 | $ 8,317,930 | $ 707,024 | 8.50% | May | $ (4,341,959) | $ 1,414,048 | $ 707,024 | $ 707,024 |
| 11 | $ 8,317,930 | $ 707,024 | 8.50% | June | $ (4,534,935) | $ 707,024 | $ 353,512 | $ 353,512 |
| 12 | $ 8,317,930 | $ 707,024 | 8.50% | July | $ (4,727,911) | $ 0.00 | $ 0.00 | $ 0.00 |
| Total | $ 99,815,157 | $ 6,072,089 | | | | | | |
| Difference 12 | | $ (4,727,911) | 6.08% | | 2.42% | | | |

37.     This example spreadsheet corresponds with the Delivery Schedule included in the First Amendment, which provides as follows:

Schedule 1
AMENDED FORWARD FLOW DELIVERY TERMS

| Flow | Funding Month | Purchase Price Percentage | Non-Performance Fee |
|---|---|---|---|
| 1 | September 2015 | 2.00% | $ 2,952,865 |
| 2 | September 2015 | 2.00% | $ 2,869,686 |
| 3 | October 2015 | 3.00% | $ 2,744,917 |
| 4 | November 2015 | 4.00% | $ 2,578,558 |
| 5 | December 2015 | 4.00% | $ 2,412,200 |
| 6 | January 2016 | 8.00% | $ 2,079,482 |
| 7 | February 2016 | 8.00% | $ 1,746,765 |
| 8 | March 2016 | 8.00% | $ 1,414,048 |
| 9 | April 2016 | 8.50% | $ 1,060,536 |
| 10 | May 2016 | 8.50% | $ 707,024 |
| 11 | June 2016 | 8.50% | $ 353,512 |
| 12 | July 2016 | 8.50% | $ 0.00 |

7

38. After the First Amendment was executed, JH Portfolio purchased each of the first six "Flows," or monthly deliveries of Accounts pursuant to the First Amendment. JH Portfolio purchased each of these first six "Flows" even though the face value of the Accounts included in each one fell far short of the now obsolete "Target Delivery Size" defined in the Agreement.

39. When World Acceptance offered Flow 7 to JH Portfolio in February 2016 as required by the First Amendment, JH Portfolio failed and refused to purchase Flow 7, without justification.

40. According to the terms of the First Amendment, if JH Portfolio failed to purchase any Accounts that it was required to purchase pursuant to the revised Delivery Schedule set forth in the First Amendment, then it must pay World Acceptance, on demand, the Non-Performance Fee set forth on the Delivery Schedule that corresponds to the particular flow that JH Portfolio failed to purchase as required. By agreement, the Non-Performance Fee reflects liquidated damages under the First Amendment.

41. The corresponding Non-Performance Fee due and owing to World Acceptance for JH Portfolio's failure and refusal to purchase Flow 7 under the First Amendment is $1,746,765.

42. World Acceptance sent notice to JH Portfolio of JH Portfolio's breach of the First Amendment and demanded that JH Portfolio pay the Non-Performance Fee required, or $1,746,765. Despite this demand, JH Portfolio has continued to refuse to pay the Non-Performance Fee and is in breach of contract.

43. In attempting to explain its failure to purchase Flow 7 as required by the First Amendment, JH Portfolio invoked the obsolete Section 2.2(c) and the obsolete definition of "Target Delivery Size" from the Agreement, even though those terms were no longer applicable in the context of the negotiations for and the mutual agreement that led to the First Amendment.

8

44.     In an effort to mitigate damages and resolve the dispute with JH Portfolio without litigation, World Acceptance also offered Flow 8 to JH Portfolio in March 2016, but JH Portfolio again failed and refused to purchase Flow 8, without justification, for the same reason it refused to purchase Flow 7.

45.     In finalizing the First Amendment and executing the same, the parties made a mutual mistake in failing to change or delete the definition of "Target Delivery Size" and Section 2.2(c) of the Agreement, both of which were rendered obsolete by the First Amendment, which required JH Portfolio to purchase Accounts under a new Delivery Schedule that was substantially lower than the original "Target Delivery Size" contemplated by the Agreement.

## COUNT ONE
## BREACH OF CONTRACT

46.     Paragraphs 1 through 45 are incorporated herein by reference as if set forth in full.

47.     World performed its obligations under the First Amendment.

48.     JH Portfolio was required by the terms of the First Amendment to purchase the Accounts included in Flow 7 identified in Schedule 1 to the First Amendment.

49.     JH Portfolio failed and refused, without justification, to purchase the Accounts included in Flow 7 identified in Schedule 1 to the First Amendment as required by the First Amendment.

50.     JH Portfolio's failure and refusal to purchase the Accounts included in Flow 7 identified in Schedule 1 to the First Amendment is a breach of contract by JH Portfolio.

51.     As a result of JH Portfolio's breach of contract, JH Portfolio is obligated to pay, and World Acceptance is entitled to receive from JH Portfolio the Non-Performance Fee agreed upon by the parties, in the amount of $1,746,765, plus attorneys' fees and costs.

52. As a result of JH Portfolio's breach of contract, JH Portfolio is liable to World Acceptance, and World Acceptance is entitled to a judgment of this Court in its favor as follows:

   a. That JH Portfolio breached the First Amendment by its failure and refusal to purchase the Accounts included in Flow 7 identified in Schedule 1 to the First Amendment;

   b. That World Acceptance has suffered damages from such breach and is therefore entitled to the Non-Performance Fee agreed upon between the parties in the First Amendment, in the amount of $1,746,765, plus attorneys' fees and costs as required under the contract; and

   c. For such other and further relief as this Court deems just and proper.

## COUNT TWO
## REFORMATION OF CONTRACT – MUTUAL MISTAKE

53. Paragraphs 1 through 52 are incorporated herein by reference as if set forth in full.

54. To the extent that JH Portfolio asserts that the terms of the Agreement – specifically Section 2.2(c) and the definition of "Target Delivery Size" included therein – provide it with a defense to World Acceptance's breach of contract claim, then World Acceptance is entitled, as a matter of equity under South Carolina law, to have this court reform the agreement between the parties to accurately reflect the intentions of the parties concerning the revised Delivery Schedule, which was that the parties understood and agreed that the Delivery Schedule under the First Amendment required that all monthly deliveries of Accounts under the First Amendment would be for Accounts with face values far less than the original "Target Delivery Size" defined in the original Agreement.

55. Because the First Amendment includes a mutual mistake in that the Agreement failed to delete the obsolete Section 2.2(c) and the obsolete definition of "Target Delivery Size," which deletions were intended by the parties thereto, World Acceptance is entitled as a matter of

equity to have this Court reform the Agreement to delete those provisions to reflect the intentions of the parties and to enforce the breach of contract by JH Portfolio under the reformed contract.

56. As a result of JH Portfolio's breach of contract, reformed as necessary by the Court as a matter of equity to reflect the intentions of the parties, JH Portfolio is liable to World Acceptance and World Acceptance is entitled to a judgment of this Court in its favor as follows:

a. That JH Portfolio breached the First Amendment by its failure and refusal to purchase the Accounts included in Flow 7 identified in Schedule 1 to the First Amendment;

b. That World Acceptance has suffered damages from such breach and is therefore entitled to the Non-Performance Fee agreed upon between the parties in the First Amendment, in the amount of $1,746,765, plus attorneys' fees and costs as required under the contract; and

c. For such other and further relief as this Court deems just and proper.

WHEREFORE, World Acceptance prays for relief as follows:

(1) That this Court take jurisdiction of the parties hereto and the subject matter hereof;

(2) That this Court reform the Agreement and First Amendment as required as a matter of equity to reflect the intentions of the parties;

(3) That this Court find JH Portfolio breached the First Amendment by its failure and refusal to purchase the Accounts included in Flow 7 identified in Schedule 1 to the First Amendment as required by the First Amendment;

(4) That judgment be entered in favor of World Acceptance and against JH Portfolio for damages caused by JH Portfolio's breach of contract in the amount of $1,746,765, as reflected in the Non-Performance Fee agreed upon by the parties;

11

(5) That judgment be entered in favor of World Acceptance and against JH Portfolio for expenses of this litigation as required by the Agreement, including its attorneys' fees and costs; and

(6) That this Court grant such other and further legal and equitable relief as may be just and proper.

Respectfully submitted,

s/ Troy A. Tessier
Troy A. Tessier (Fed. I.D. No. 6863)
Rita Bolt Barker (Fed. I.D. No. 10566)
WYCHE, P.A.
44 E. Camperdown Way
Post Office Box 728
Greenville, SC  29602-0728
Telephone:  864-242-8200
Telecopier:  864-235-8900
E-Mail: ttessier@wyche.com
rbarker@wyche.com

Dated:  April 14, 2016          **Attorneys for Plaintiffs**